**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NERLY SARAI MELENDEZ-ESCALANTE,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 17-72349<br><br>Agency No. A206-449-481<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2019[**]
Seattle, Washington

Before: IKUTA and BENNETT, Circuit Judges, and DORSEY,[***] District Judge.

Nerly Melendez-Escalante appeals the Board of Immigration Appeals (BIA)

order affirming the immigration court's denial of eligibility for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

withholding of removal, and Convention Against Torture (CAT) protection.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).[1]

The BIA did not err in affirming the immigration judge's denial of Melendez-Escalante's applications for asylum and withholding of removal.  The record does not compel the conclusion that Honduran society would recognize Melendez-Escalante as a member of either of her proposed particular social groups. *See* 8 U.S.C. § 1252(b)(4)(B); *Reyes v. Lynch*, 842 F.3d 1125, 1131–32 (9th Cir. 2016).  The IJ adequately addressed Melendez-Escalante's second proposed particular social group, "Honduran women who are viewed as property by their domestic partner in an abusive relationship," by finding that Honduran society would not view Melendez-Escalante as a domestic partner.  We reject Melendez-Escalante's argument that 8 U.S.C. § 1227(a)(2)(E)(i) establishes that all people who share a child in common are in a domestic relationship.  Because § 1227(a)(2)(E)(i) defines "crime of domestic violence" only for purposes of deportation under federal law, it is not relevant to the issue before the IJ and BIA, whether Honduran society would recognize Melendez-Escalante to be in a

---

[1]We grant the Government's motions to file a supplemental letter brief in light of *Matter of A-B-*, 27 I. & N. Dec. 316 (U.S. Atty. Gen. 2018) (Doc. 21) and to file a reply to Melendez-Escalante's supplemental letter brief of August 1, 2018 (Doc. 25).

domestic partnership with the man who raped and kidnapped her. *See Reyes*, 842 F.3d at 1131–32.

Melendez-Escalante did not claim persecution on account of any other protected ground. Therefore, the BIA did not err in concluding that Melendez-Escalante was not persecuted on account of a protected ground as required for asylum under 8 U.S.C. § 1158(b)(1)(A) and withholding of removal under 8 U.S.C. § 1231(b)(3). For the same reason, the BIA did not err by affirming the immigration judge's denial of humanitarian asylum. *See* 8 C.F.R. § 208.13(b)(1)(iii).

*Matter of A-B-*, published while this appeal was pending, does not make remand necessary. 27 I. & N. Dec. 316. Melendez-Escalante could not establish membership in a particular social group before *Matter of A-B-*, and she raises no new arguments or grounds for asylum based on that decision. Thus, remand would be futile.

The BIA also did not err in concluding that Melendez-Escalante failed to establish eligibility for CAT protection because the evidence in the record does not compel the conclusion that it is "more likely than not" that she will be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). The record lacks evidence that compels the conclusion that the Honduran government acquiesced in the crimes

3

against her. She has not alleged that she was raped and kidnapped by a public official or someone acting in an official capacity, and because she did not inform the authorities about her rape or kidnapping, there is no evidence that the government is unable or unwilling to investigate the crimes. Further, Melendez-Escalante has not offered evidence compelling the conclusion that it is more likely than not that officials will acquiesce in crimes against her if she returns to Honduras.

**AFFIRMED.**